UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK STATE

**ROBINSON**

---

DOUGLAS L. ROSE, SR. and AUGUSTA M. ROSE,

                Plaintiffs,

-against-

CAREY LIMOUSINE WESTCHESTER, INC., CAREY INTERNATIONAL, INC., and ISMAIL ARSLANBAS

                Defendants.

COMPLAINT

Case No.
Date Filed:

**07 CIV. 3882**

---

    Plaintiffs, DOUGLAS L. ROSE, SR. and AUGUSTA M. ROSE, complaining of the Defendants, CAREY INTERNATIONAL, INC., CAREY LIMOUSINE WESTCHESTER, INC., and ISMAIL ARSLANBAS, by their attorneys, RUSK, WADLIN, HEPPNER & MARTUSCELLO, LLP, respectfully alleges as follows, upon information and belief:

### JURISDICTION

1. This Court has jurisdiction over this matter by virtue of diversity of citizenship of the parties, pursuant to 28 U.S.C. § 1332.

2. That at all times hereinafter mentioned, the Plaintiff resides at 12 Evergreen Drive, Sherman, Connecticut.

3. That at all times hereinafter mentioned, upon information and belief, the Defendant, CAREY LIMOUSINE WESTCHESTER, INC., is a foreign corporation, duly authorized to do business in the State of New York, with its principal place of business at 199 Ridgewood Drive, Elmsford, NY 10523.

4. That at all times hereinafter mentioned, upon information and belief, the Defendant, CAREY LIMOUSINE WESTCHESTER, INC., is an unauthorized foreign corporation doing business within the State of New York.

5. That at all times hereinafter mentioned, upon information and belief, the Defendant, CAREY LIMOUSINE WESTCHESTER, INC., was and still is a business entity doing business in the State of New York.

6. That at all times hereinafter mentioned, upon information and belief, the Defendant, CAREY LIMOUSINE WESTCHESTER, INC., contracted to supply goods and/or services within the State of New York.

7. That at all times hereinafter mentioned, upon information and belief, the Defendant, ISMAIL ARSLANBAS, resides at 98 Jefferson Avenue, Valhalla, NY 10595.

8. That at all times hereinafter mentioned, upon information and belief, the Defendant, CAREY INTERNATIONAL, INC, is a foreign corporation, duly authorized to do business in the State of New York, with its principal place of business at 4530 Wisconsin Avenue NW, Washington, DC 20016.

9. That at all times hereinafter mentioned, upon information and belief, the Defendant, CAREY INTERNATIONAL, INC, is an unauthorized foreign corporation doing business within the State of New York.

10. That at all times hereinafter mentioned, upon information and belief, the Defendant, CAREY INTERNATIONAL, INC, was and still is a business entity doing business in the State of New York.

11. That at all times hereinafter mentioned, upon information and belief, the Defendant, CAREY INTERNATIONAL, INC, contracted to supply goods and/or services within the State of New York.

12. That the amount of the matter in controversy exceeds, exclusive of interests and costs, the sum of Seventy-Five Thousand and 00/100 Dollars ($75,000.00).

COUNT ONE

13. That at all times hereinafter mentioned, upon information and belief, Defendants, CAREY INTERNATIONAL, INC, and CAREY LIMOUSINE WESTCHESTER, INC., are corporations engaged in the business of the transportation of passengers for hire to airports and various other locations in and about the State of New York.

14. That at all times hereinafter mentioned, upon information and belief, the Defendants, CAREY INTERNATIONAL, INC and CAREY LIMOUSINE WESTCHESTER, INC., owned and operated and still own and operate motor vehicles for the transportation of passengers over and along the streets of the State of New York.

15. That at all times hereinafter mentioned, upon information and belief, the Defendants, CAREY INTERNATIONAL, INC, and CAREY LIMOUSINE WESTCHESTER, INC., were and are the owners of a particular motor vehicle being operated in the State of New York on June 6, 2004.

16. The motor vehicle owned by defendant CAREY INTERNATIONAL, INC, and CAREY LIMOUSINE WESTCHESTER, INC., was being operated and or otherwise driven and controlled, by a bus driver/ chauffeur, defendant ISMAIL ARSLANBAS, who was, upon information and belief, an agent or employee of the defendants. Upon information and

belief, the motor vehicle was being operated by defendant, ISMAIL ARSLANBAS, with the express permission and/or consent of defendants, CAREY INTERNATIONAL, INC, and CAREY LIMOUSINE WESTCHESTER, INC., on the public streets of the State of New York.

17. That heretofore, and on or about the 6th day of June 2004, the defendants picked up plaintiff from New Rochelle, New York for the express purpose of delivering plaintiff the John F. Kennedy Airport, so plaintiff could board an airline flight to Japan. That at approximately 7:00 a.m., the defendant's vehicle in which the plaintiff was a lawful passenger was proceeding on the Van Wyck Expressway, Queens, New York City, heading toward John F. Kennedy Airport.

18. While plaintiff was a passenger in the motor vehicle of the defendants, CAREY INTERNATIONAL, INC, and CAREY LIMOUSINE WESTCHESTER, INC., their agents, servants and employees, failed and neglected to carry the plaintiff safely, but, on the contrary, operated, maintained and controlled the vehicle as aforesaid in such a reckless, careless, negligent, unlawful and improper manner that the vehicle was caused to crash into the median barriers of the roadway, causing the plaintiff, DOUGLAS L. ROSE, SR., to be thrown about the vehicle in which he was a lawful passenger in with such severe force and impact that it caused the plaintiff to sustain multiple and severe personal injuries.

19. That said collision and accident was caused by the reckless, careless, negligent, unlawful and improper manner in which the defendants, CAREY INTERNATIONAL, INC, and CAREY LIMOUSINE WESTCHESTER, INC., and its agents, servants and employees,

ISMAIL ARSLANBAS, operated, maintained and controlled the vehicle, and the plaintiff DOUGLAS L. ROSE, SR., as a result thereof, sustained a serious injury as defined by the Insurance Law, Section 5102, including but not limited to:

Right knee medial meniscal tear requiring surgical intervention;

Deep vein thrombosis;

Blood clots;

Cervical sprain/strain

Lumbar sprain/strain;

Herniated discs in spine.

20. By reason of said injuries, the plaintiff was rendered sick, sore, lame and disabled, required hospitalization, surgery, and medical care and treatment, was forced to expend sums for hospital, doctors, medical care and treatment, and may be forced to expend further such sums in the future, was rendered incapable of performing his usual activities or enjoying any comforts or amusements, has endured pain, discomfort, disfigurement and disability by reason of said injuries, and upon information and belief, will endure pain and discomfort and be disabled and handicapped for an unknown length of time in the future.

21. As a further direct and proximate result of the negligence of the defendants, the

22. Plaintiff's injuries were due solely to the fault and negligence of the defendants and their agents, servants and employees as hereinbefore alleged.

23. That by reason of the foregoing, the Plaintiff has been damaged in the sum of ONE MILLION DOLLARS ($1,000,000.00).

**COUNT TWO**

24. The Plaintiff, AUGUSTA M. ROSE, repeats, repleads, and realleges each and every allegation contained in paragraphs "1" through "23" with the same force and effect as if the same were more fully and at length set forth herein.

25. For a long time prior to this accident, Plaintiffs were married and lived together as husband and wife.

26. Prior to this accident, Plaintiff, AUGUSTA M. ROSE enjoyed the services, comfort, support and consortium of her husband, DOUGLAS L. ROSE, SR..

27. As a result of this accident and disabling injuries sustained by DOUGLAS L. ROSE, SR., the Plaintiff, AUGUSTA M. ROSE has been deprived of such comfort, services, support, and consortium all to her damage.

28. That by reason of the foregoing, the Plaintiff, AUGUSTA M. ROSE has been damaged in the sum of TWO HUNDRED FIFTY THOUSAND DOLLARS ($,250,000.00).

**WHEREFORE**, the Plaintiff, Douglas L Rose, demands:

1. Judgment against Defendants, CAREY INTERNATIONAL, INC., CAREY LIMOUSINE, WESTCHESTER, INC., and ISMAIL ARSLANBAS, in the amount of One Million Dollars ($1,000,000.00); and

2. Plaintiff, Augusta M. Rose demands Judgment against Defendants, CAREY INTERNATIONAL, INC., CAREY LIMOUSINE, WESTCHESTER, INC., and ISMAIL ARSLANBAS, in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00); and

3. Such other and further relief as this Court may deem just, proper and reasonable.

Dated:    Kingston, New York
           May 10, 2007

                      DANA D. BLACKMON, ESQ.
                      RUSK, WADLIN, HEPPNER & MARTUSCELLO, LLP
                      Attorneys for Plaintiff
                      Office and P.O. Address
                      255 Fair Street, P.O. Box 3356
                      Kingston, New York 12402
                      Phone: (845) 331-4100
                      Fax:   (845) 331-6930
                      DBlackmon@RWHM.com
                      Federal Bar Roll No. DB3226

## **VERIFICATION**

STATE OF NEW YORK    )
                     )ss.:
COUNTY OF ULSTER     )

I, the undersigned, am an attorney admitted to practice in the courts of the State of New York, and state as follows:

1. That I am associated with Rusk, Wadlin, Heppner & Martuscello, LLP, attorneys for the Plaintiffs, Douglas L. Rose and Augusta M. Rose.

2. I have read the annexed Complaint, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

3. My belief, as to those matters therein not stated upon knowledge, is based upon the following: Conversations with my clients and the file maintained in my office.

4. The reason I make this affirmation instead of the Plaintiffs, Douglas L. Rose and Augusta M. Rose, is that the plaintiff's do not reside in the county where I maintain my offices.

I affirm that the foregoing statements are true under penalties of perjury.

Dated:   Kingston, New York
         May 10, 2007

                                                    _____
                                                    DANA D. BLACKMON, ESQ.